**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RAFIEL ORLANDO LEONARD, ET AL.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-CV-534-P** |
| | § | |
| **SAMMY HOODA, ET AL.** | § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DEFENDANT
AMERIHOME MORTGAGE COMPANY, LLC'S MOTION TO DISMISS**

Pending before the Court is Defendant AmeriHome Mortgage Company, LLC ("AmeriHome")'s Motion to Dismiss [doc. 19], filed July 31, 2023. On May 30, 2023, Plaintiffs Rafiel Orlando Leonard and Shannon Guess Leonard filed a Complaint titled "5.5 Million Dollar Lawsuit for Non-Judicial Wrongful Foreclosure" ("Complaint") [doc. 1]. In the Complaint, Plaintiffs claim, *inter alia*, that the foreclosure on their property located at 1714 Stags Leap Trl., Kennedale, Texas 76060 ("the Property") was void "due to the fact the foreclosure was initiated by an agent without standing" and the "notice of default letter was not signed by the 'Trustee'." (Plaintiffs' Complaint ("Pls.' Compl.") at 1.) While Plaintiffs' Complaint is confusing and difficult to understand, it appears that Plaintiffs are alleging the following causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Sammy Hooda, Marinosci Law Group PC and Marinosci & Baxter; (2) violation of the Truth-in-Lending Act ("TILA") against Defendant Sammy Hooda; (3) breach of contract; (4) violation of "Federal Trust and Lien Laws;" (5) wrongful foreclosure;[1] (6) slander of title; (7) slander of credit; and 8) intentional or negligent infliction of emotional distress.[2]

---

[1] AmeriHome, in its motion, states that "AmeriHome has not actually foreclosed on the Property and there are no allegations in the Complaint that it has." (Def.'s Mot. at 11.)

[2] Plaintiffs' causes of action under the FDCPA and TILA appear to be against Defendants Hooda,

("Pls.' Compl. at 1-18.)

In its motion to dismiss, Defendant AmeriHome argues that all of Plaintiffs' claims against it should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This Rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Having carefully reviewed the motion, responses,[3] reply, and relevant law, the Court recommends that Defendant's motion be **GRANTED** for the reasons stated in Defendant's motion and reply and that all claims against **Defendant AmeriHome** be **DISMISSED**.[4]

---

Marinosci Law Group PC, and/or Marinosci & Baxter and not against Defendant AmeriHome. Assuming they were also meant to be against Defendant AmeriHome, the Court finds and concludes that these causes of action against Defendant AmeriHome should be dismissed for the reasons stated in AmeriHome's motion.

[3] The Court will consider both responses filed by Plaintiffs [doc. 23 filed on August 8, 2023, which does not actually respond to AmeriHome's motion to dismiss, and doc. 31 filed on September 11, 2023] even though the second response was not timely filed.

[4] While Plaintiffs reference several exhibits in his Complaint, such exhibits were not filed with Plaintiff's Complaint. However, AmeriHome attaches several documents to its Motion to Dismiss, including the following:

Specifically, as to Plaintiffs' claim against AmeriHome for breach of contract, the Court notes that "[i]n Texas, 'the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).    Under Texas law, it is further established that a party to a contract who is himself in default cannot maintain a suit for its breach.    *Tovar v. RoundPoint Mrtg. Serv. Corp.*, No. SA-18-CA-0343-FB, 2019 WL 856409, at *2 (W.D. Tex. Jan. 28, 2019).    In this case, Plaintiffs, while at times confusingly, allege that no contract actually existed and that they stopped making timely payments on the loan on around May 2022.    (Pls.' Compl. at 10-11, 13.)    Consequently, because of their admitted default, Plaintiffs have not alleged performance or tendered performance, and, consequently, have failed to state a claim for breach of contract.

Moreover, even assuming that Plaintiffs are alleging an exception to the general rule that a defaulting plaintiff cannot sue for breach of contract—which provides that a lender's obligation to provide adequate notices before foreclosure is independent of a borrower's obligation to make

---

(1) a copy of the Note executed on June 27, 2019 in favor of Angel Oak Home Loans, LLC ("Angel Oak"), whereby Plaintiffs promised to repay $370,000 for the loan (Defendant AmeriHome's Motion to Dismiss   ("Def.'s Mot. to Dismiss") at Exhibit ("Ex.") A, pp. 1-3; (2) an Allonge to Note containing an indorsement that transferred the Note to Defendant AmeriHome on June 28, 2019 (Def.'s Mot. to Dismiss at Ex. A, pp. 4-5); (3) a Deed of Trust dated June 28, 2019, granting a purchase security money security interest in the Property and signed by Plaintiffs and Angel Oak (Def.'s Mot. to Dismiss at Ex. B, pp. 1-10; and (4) a Corporate Assignment of Deed of Trust dated January 11, 2022 stating that, for good and valuable consideration, Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for Angel Oak, transferred the Deed of Trust to Defendant AmeriHome (Def.'s Mot. to Dismiss at Ex. C, p. 1.)    Because Plaintiffs referenced such documents in their pleadings, the Court is allowed to consider such documents in ruling on Defendant's Motion to Dismiss.    *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("We note approvingly . . . that various other circuits have specifically allowed that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'")

payments—Plaintiffs' claim for breach of contract would also fail because they have not alleged recoverable damages sustained as a result of the alleged breach. *See Juaraz v. Wells Fargo Bank, N.A.*, No. SA-19-CV-01081-XR, 2020 WL 5709258, at *4-8 (W.D. Tex. Sept. 23, 2020). As no actual foreclosure of Plaintiffs' Property appears to have occurred, any alleged damages from any deficiencies in the notice of default, could not have yet occurred. *See Salas v. Wells Fargo Bank, N.A.*, No. 1:19-cv-167, 2020 WL 1905445, at *5 (S.D. Tex. Feb. 26, 2020).

The Court notes that, while the Court generally cannot dismiss a *pro-se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend, such requirement generally applies only if the plaintiff has not clearly alleged his "best case." *See Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). "While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint." *Id.* at 257. In this case, Plaintiffs were specifically notified of the alleged deficiencies in their pleadings as to AmeriHome by AmeriHome's Motion to Dismiss. Plaintiffs, in their response filed over a month and a half ago, did not take the opportunity to request the chance to replead (nor have they filed a motion for leave to amend their complaint during this time) except to state that they "are currently working on amending [their] complaint based upon additional investigation" and state that they would "amend the Complaint to include entities identified in footnotes 2 through 4 above." (Plaintiffs' Response to Defendant's Motion to Dismiss ("Pls.' Resp.") [doc. 31] at 3.) Footnotes 2 through 3 of Plaintiffs' Response, in essence, lists out additional "Registrants identified as "Angel Oak" and footnote 4 sets forth that AmeriHome is a principal subsidiary of Aris Mortgage Holding Company, LLC. (Pls.' Resp. at 2 nn.2-4.) Because the alleged amendment would not change the Court's findings, conclusions, and recommendation regarding

4

AmeriHome's Motion to Dismiss, the Court finds that any such amendment would be futile and that Plaintiffs have pled their best case as to Defendant AmeriHome.

## RECOMMENDATION

Based on the foregoing, it is recommended that Defendant AmeriHome's Motion to Dismiss be **GRANTED** and all of Plaintiffs' claims against only **Defendant AmeriHome** be **DISMISSED** pursuant to Rule 12(b)(6).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 16, 2023** to serve and file written objections to the United States Magistrate Judge's

5

proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED November 2, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv

6