IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAFIEL ORLANDO LEONARD, ET AL., §<br>Plaintiffs, §<br>§<br>v. §<br>§<br>SAMMY HOODA, ET AL., §<br>Defendants. § | CIVIL ACTION NO. 4:23-CV-534-P |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFFS' MOTION FOR TRO/PRELIMINARY INJUNCTION**

Pending before the Court is Plaintiffs' Motion for TRO/Preliminary Injunction [doc. 38], filed November 2, 2023. Having carefully reviewed the motion and Defendant AmeriHome Mortgage Company LLC's response, the Court recommends that Plaintiffs' motion be **DENIED**.

On May 30, 2023, *pro se* Plaintiffs Rafiel Orlando Leonard and Shannon Guess Leonard filed a Complaint titled "5.5 Million Dollar Lawsuit for Non-Judicial Wrongful Foreclosure" ("Complaint") [doc. 1]. In the Complaint, Plaintiffs claim, *inter alia*, that the foreclosure on their property located at 1714 Stags Leap Trl., Kennedale, Texas 76060 ("the Property") was void "due to the fact the foreclosure was initiated by an agent without standing" and the "notice of default letter was not signed by the 'Trustee'." (Plaintiffs' Complaint ("Pls.' Compl.") at 1.) While Plaintiffs' Complaint is confusing and difficult to understand, it appears that Plaintiffs are alleging the following causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Sammy Hooda, Marinosci Law Group PC and Marinosci & Baxter; (2) violation of the Truth-in-Lending Act ("TILA") against Defendant Sammy Hooda; (3) breach of

1

contract; (4) violation of "Federal Trust and Lien Laws;" (5) wrongful foreclosure;[1] (6) slander of title; (7) slander of credit; and 8) intentional or negligent infliction of emotional distress. ("Pls.' Compl. at 1-18.) In an order dated November 2, 2023, the Court issued a Findings, Conclusion, and Recommendation regarding Defendant AmeriHome's Motion to Dismiss in which it recommended granting such motion for multiple reasons.

In their Motion for TRO, Plaintiffs "asks the court to stop any action to unlawfully take [the P]roperty." (Plaintiffs' Motion for TRO/Preliminary Injunction ("Pls.' Mot.") at 1.) They claim they will "suffer irreparable harm by denial of this preliminary injunction" as they "will lose [their] abode" (*Id*. at 2.) Plaintiffs also assert that they "are likely to Prevail in [their] petition" as the "record in the underlying case makes [their] claims undeniable." (*Id*.) They further state:

> Public interest will not be impaired by granting this preliminary injunction; the public interest will be impaired by denial of our preliminary injunction by public awareness that citizens can be victimized by those who declare themselves to be superior class. No other remedy at law to protect ourselves from parties record [sic] shows have conspired to deprive us of our most fundamental rights. Denial of our preliminary injunction will cause us to bear a greatly imbalanced harm.

(*Id.*)

Defendant AmeriHome, in its response, states, *inter alia*, that Plaintiffs' motion should be denied "because Plaintiffs have objectively failed to meet the required elements for the extraordinary relief they request." (Defendant AmeriHome's Response in Opposition to Plaintiffs' Motion for TRO/Preliminary Motion ("Def. AmeriHome's Resp.") at 3. Defendant AmeriHome claims that Plaintiffs' "Complaint does not assert any plausible claim for relief—let alone any claim on which Plaintiffs are substantially likely to prevail on the merits." (Def. AmeriHome's Resp. at 4.) Defendant AmeriHome also argues that Plaintiffs have not addressed the third element

---

[1] AmeriHome, in its motion to dismiss, states that "AmeriHome has not actually foreclosed on the Property and there are no allegations in the Complaint that it has." (Defendant AmeriHome's Motion to Dismiss at 11.)

regarding the balancing of harm as there is "no allegation that Plaintiffs have paid off the underlying loan—and Plaintiffs pleading affirmatively acknowledge that they have not." (*Id.*) Defendant AmeriHome further claims that courts have found the element regarding public interest to be "neutral given that it is only the parties to the litigation that are affected." (Def. AmeriHome's Resp. at 5.)

To obtain a temporary restraining order or a preliminary injunction, Plaintiffs must satisfy the following four requirements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. Of Nw. Houston v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)).

Based on the forgoing, the Court **FINDS** and **CONCLUDES** that Plaintiffs' motion should be **DENIED** for the reasons set for in Defendant AmeriHome's response. Specifically, the Court notes that, as set forth in its November 2, 2023 Findings, Conclusion, and Recommendation regarding Defendant AmeriHome's Motion to Dismiss in which it recommended granting such motion for multiple reasons, Plaintiffs have, at the very least, failed to show a sufficiently substantial likelihood that they will prevail on the merits. Accordingly, the Court

**RECOMMENDS** that the district judge **DENY** Plaintiffs' Motion for TRO/Preliminary Injunction [doc. 38].

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 23, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED November 9, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE