UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RAFIEL ORLANDO LEONARD, ET AL.,**

　　Plaintiffs,

v.　　　　　　　　　　　　　　　　**No. 4:23-cv-00534-P-BJ**

**SAMMY HOODA, ET AL.,**

　　Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 11, 2023, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") regarding Defendant AmeriHome Mortgage Company, LLC's Motion to Dismiss ECF No. 40. The FCR recommended the Court grant AmeriHome's Motion to Dismiss and dismiss Plaintiffs' claims against AmeriHome. *Id.* at 2. The Magistrate Judge also issued an FCR regarding Plaintiffs' Motion for a TRO/Preliminary Injunction. ECF No. 42. Plaintiff filed an Objection to the FCRs on November 9, 2023. ECF No. 44. Accordingly, the Court conducted a *de novo* review of the FCRs.

For the reasons stated below, the Court **GRANTS** AmeriHome's Motion to Dismiss (ECF No. 19) and **DENIES** Plaintiffs' Motion for a TRO/Preliminary Injunction (ECF No. 38), **ADOPTS** the reasoning in the Magistrate Judge's FCRs (ECF Nos. 40, 44), and **OVERRULES** Plaintiffs' Objection (ECF No. 44).

## BACKGROUND

This dispute arises from a noticed, but not completed, foreclosure. In June 2019, Plaintiffs purchased the Property at issue with a loan from Angel Oak Home Loans LLC, executing a Deed of Trust granting Angel Oak a security interest in the Property.[1] The Deed of Trust designates Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the instrument. MERS, as nominee for Angel Oak, transferred and assigned the interests and rights, including the security interests, to AmeriHome. Plaintiffs made timely payments to AmeriHome beginning in 2019 and continuing until May 2022, and a Notice of Default was issued in March 2023.

Plaintiffs, appearing *pro se*, sued. They allege the following causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Truth-in-Lending Act ("TILA"); (3) breach of contract; (4) unspecified violations of "Federal Trust and Lien Laws;" (5) wrongful foreclosure; (6) slander of title; (7) slander of credit; and 8) intentional or negligent infliction of emotional distress. AmeriHome filed the instant Motion to Dismiss, which is now before the Court. Plaintiffs' Motion for a TRO/Preliminary Injunction is also before the Court.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law

---

[1]The property at issue in this case is located at 1714 Stags Leap Trail, Kennedale, Texas 76060.

must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

### A. AmeriHome's Motion to Dismiss

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR. ECF No. 40. The Court now reviews Plaintiffs' Objection. ECF No. 44. Although Plaintiffs' objections are conclusory and largely non-responsive to the Magistrate Judge's FCRs, Plaintiffs state that "all claims are against all defendants." ECF No. 44 at 2. Because the FCR addresses only Plaintiffs' breach of contract claim—the only claim that explicitly mentions AmeriHome—the Court will address each of Plaintiffs' claims.

Further, the Court notes that Plaintiffs have been previously notified of alleged deficiencies in their pleadings. *See* ECF No. 19. Plaintiffs have had ample time to amend their complaint in the months since AmeriHome filed the instant Motion, but they have failed to do so. Accordingly, the Court finds that Plaintiff have been apprised of the insufficiencies in their complaint and have presented their "best case." *See Dark v. Potter*, 293 F. App'x 254, 256–57 (5th Cir. 2008).

1. Plaintiffs' FDCPA Claims

Plaintiffs' FDCPA claims fail because they have not alleged that AmeriHome was a "debt collector" within the meaning of the FDCPA. A "debt collector" is defined as "any person who uses any instrumentality

of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). But the FDCPA exempts from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." *Id.* at § 1692a(6)(F).

Pursuant to this exception, courts have concluded that "[t]he term 'debt collector' does not include lenders[,] . . . the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Gipson v. JPMorgan Chase*, No. 13-cv-2477, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Here, Plaintiffs allege that from August 2019 to May 2022 they made timely payments due under the loan. *See* ECF No. 1 at 13. AmeriHome became the assignee of the debt in January 2022—prior to Plaintiffs' default. *See* ECF No. 19 at 46. Plaintiffs' conclusory allegation that AmeriHome is a debt collector is insufficient to satisfy this element of their prima facie FDCPA claim. *See Bent v. Mackie Wolfe Zientz & Mann, P.C.*, No. 13-cv-2038, 2013 WL 4551614, at *3 (N.D. Tex. Aug. 28, 2013) ("Plaintiffs' assertion that Defendant undertook the role of 'debt collector' is a legal conclusion that courts are not bound to accept as true."). Thus, Plaintiffs' FDCPA claims fail because they have failed to sufficiently allege that AmeriHome is a debt collector within the meaning of the FDCPA.

2. Plaintiffs' TILA Claims

Plaintiffs' TILA claims fail because they have failed to plead how, and in what manner, AmeriHome has violated the TILA. Plaintiffs allege only that Defendant Sammy Hooda violated "12 CFR § 226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures." ECF No. 1 at 3. Such a pleading is insufficient to survive a Motion to Dismiss.

In any event, the one-year statute of limitations bars any TILA claims arising from the loan at issue. *See* 15 U.S.C. § 1640(e). The statute of limitations runs from the date each violation occurred. *Id.* A violation occurs when credit is extended through the consummation of the transaction between creditor and its customer, without the required disclosures being made. *See Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 628 (S.D. Tex. Oct. 8, 2010). Nondisclosure is not a continuing violation for purposes of the statute of limitations. *See Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). Here, because the loan at issue closed on June 28, 2019, the one-year statute of limitations bars a TILA claim arising from the loan. *See* ECF No. 19 at 23–44. Accordingly, Plaintiffs' TILA claims fail.

3.   <u>Plaintiffs' Breach of Contract Claims</u>

Plaintiffs' breach of contract claim fails for the reasons stated in the Magistrate Judge's FCR. ECF No. 40. Under Texas law, a party to a contract who is himself in default cannot maintain a suit for its breach. *Tovar v. RoundPoint Mrtg. Serv. Corp.*, No. SA-18-CA-0343-FB, 2019 WL 856409, at *2 (W.D. Tex. Jan. 28, 2019) (citing *Langlois v. Wells Fargo Bank Nat'l Assn.*, 581 F. App'x 421, 425 (5th Cir. 2014)). Because of their admitted default, Plaintiffs have not alleged performance or tendered performance, and, consequently, have failed to state a claim for breach of contract.

Plaintiffs do not sufficiently allege that they fall within an exception to this general rule. One such exception is when a lender fails to provide adequate notices before foreclosure. *See Juaraz v. Wells Fargo Bank, N.A.*, No. SA-19-CV-01081-XR, 2020 WL 5709258, at *4-8 (W.D. Tex. Sept. 23, 2020). But even if this exception applied, Plaintiffs' claim for breach of contract would still fail because they have not alleged recoverable damages sustained as a result of the alleged breach. *See id.* As no actual foreclosure of Plaintiffs' Property appears to have occurred, any alleged damages from any deficiencies in the notice of default could not have yet occurred. *See Salas v. Wells Fargo Bank, N.A.*, No. 1:19-cv-167, 2020 WL 1905445, at *5 (S.D. Tex. Feb. 26, 2020). Accordingly, Plaintiffs' breach of contract claim fails.

4.  Plaintiffs' "Federal Trust and Lien Laws" Claim

Plaintiffs allege "[t]he defendant violated Federal Trust and Lien Laws when he/she signed on behalf of the trustee without legal authorization." ECF No. 1 at 17. The Court is unable to ascertain the cause of action asserted here, and Plaintiffs' Complaint fails to connect the dots. Accordingly, Plaintiffs' fourth cause of action is dismissed. *See Ekpenyong v. Deutsche Bank Nat'l Tr. Co.*, No. SA-10-CV-910-XR, 2010 WL 11652156, at *1 (W.D. Tex. Dec. 29, 2010) (granting motion to dismiss when the defendant and the Court were "left to guess" as to the theory of recovery).

5.  Wrongful Foreclosure

Plaintiffs' wrongful foreclosure claim fails because there has been no foreclosure sale of the Property. The elements of a wrongful foreclosure under Texas law are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank-Houst. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). Since "an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 2011 WL 588059, at *4 (N.D. Tex. Feb. 10, 2011); *see also Foster v. Deutsche Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (per curiam) ("A claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred."). AmeriHome has not actually foreclosed on the Property and there are no allegations in the Complaint that it has. Accordingly, Plaintiffs' wrongful foreclosure claim fails.

6.  Plaintiffs' Slander of Title Claim

Plaintiffs' slander of title claim fails because they have not identified any false or malicious statements made by AmeriHome, nor have they alleged that they lost a specific sale as a result. The elements of slander of title are (1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or

6

interest in the property disparaged, and (6) the loss of a specific sale. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *see also Casey v. Fed. Home Loan Mortg. Assoc.*, Case No. 11- cv-3830, 2012 WL 1425138, *5 (S.D. Tex. Apr. 23, 2012).

Here, Plaintiffs have not alleged the existence of any false or malicious statements made by AmeriHome. Under this cause of action, Plaintiffs state only that "[t]he defendants have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title." ECF No. 1 at 17. Plaintiffs' factual allegations do not articulate how the loan documents or Notice of Trustee Sale were "false or malicious." *See id*. Furthermore, Plaintiffs have not pled facts demonstrating any proposed sale of the Property, and thus fail to satisfy the sixth element of their claim. *See Garcia v. GMAC Mortg., LLC*, Case No. 12-cv-2242, 2013 WL 211121, at *6 (S.D. Tex. Jan. 18, 2013) (dismissing slander of title claim when plaintiffs failed to specifically allege elements for same). Accordingly, Plaintiffs' slander of title claim fails.

7.  <u>Plaintiffs' Slander of Credit Claim</u>

Plaintiffs' slander of credit claim fails under both the Fair Credit Reporting Act ("FCRA") and a negligence standard of defamation because Plaintiffs have not sufficiently alleged that AmeriHome made or failed  to correct false statements related to credit reporting. "Several federal courts in Texas have found the FCRA preempts defamation actions related to credit reporting." *Hullett v. Deutsche Bank Nat'l Tr. Co.*, No. 4:22-CV-651-ALM-KPJ, 2023 WL 2520764, at *15 (E.D. Tex. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2499920 (E.D. Tex. Mar. 13, 2023). Under the FCRA, a plaintiff must allege that a consumer reporting agency reported an inaccuracy to defendant and that defendant failed to correct this inaccuracy. *See id*. Other courts, including this Court, have considered a plaintiff's slander of credit claim under the negligence standard of defamation. *See, e.g., Payne v. Wells Fargo Bank, N.A.*, No. 3:12–CV–5219, 2013 WL 5451856, at *8 (N.D. Tex. Sept. 27, 2013) ("[I]n order to maintain a defamation claim, a plaintiff must allege: (1) a false statement was made about the plaintiff;

(2) the statement was published to a third party without legal excuse; and (3) the plaintiff's reputation was damaged as a result.").

Here, Plaintiffs' claim fails under the FCRA because they have not alleged that a consumer reporting agency reported an inaccuracy to AmeriHome and AmeriHome failed to correct the inaccuracy. Plaintiffs allege only that "the actions and inactions of the defendants have impaired their credit." ECF No. 1 at 17. Likewise, Plaintiffs' claim fails under a negligence standard of defamation because Plaintiffs have not sufficiently alleged AmeriHome made a false statement about Plaintiffs. Accordingly, Plaintiffs slander of credit claim fails.

8.  <u>Plaintiffs' Emotional Distress Claim</u>

Plaintiffs' intentional infliction of emotional distress claim also fails. To state a claim for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused emotional distress; and (4) the emotional distress was severe. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Courts routinely dismiss claims for IIED in similar contexts. *Robinson v. BAC Home Loan Servicing, LP*, No. H-10-5168, 2011 WL 2490601, at *1 (S.D. Tex. June 21, 2011) (dismissing claim for IIED pursuant to Rule 12(b)(6) because Plaintiff failed to allege facts showing how the foreclosure law firm's letter, and the subsequent foreclosure of her home, could have risen to the level of being "extreme and outrageous."); *Mann v. Am. Federated Life Ins. Co.*, 146 F.3d 868, 1998 WL 327238, at *3 (5th Cir. 1998) (affirming the dismissal of an IIED claim where party was merely following the terms of a legitimate contract); *Whittle v. Miles Homes, Inc.*, Case No. 92-cv-1761, 1993 WL 209969, at * 3 (5th Cir. Jun. 4, 1993) ("[t]he sending of [a foreclosure notice] is, as a matter of law, not sufficient in itself to create liability for intentional infliction of emotional distress" under Texas law.); *Lopez v. Countrywide Mortg.*, Case No. 06-cv-116, 2008 WL 4682040, at *7 (S.D. Tex. Oct. 20, 2008) (law firm's alleged false filing of documents in a non-judicial foreclosure was not "extreme and outrageous" behavior under Texas law).

Plaintiffs have failed to identify any conduct by AmeriHome that has caused emotional distress, nor have they alleged that any such conduct was intentional. Furthermore, Plaintiffs cannot show that AmeriHome's conduct—the exercise of a contractual right—was extreme and outrageous. Plaintiffs' allege only that "[t]he defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress." ECF No. 1 at 17. Accordingly, Plaintiffs' intentional infliction of emotional distress claim fails.

Additionally, "there is no general duty in Texas not to negligently inflict emotional distress. A claimant may recover mental anguish damages only in connection with defendant's breach of some other legal duty." *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993); *see also Wiley v. U.S. Bank, N.A.,* No. 3:11–cv–1241–B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012) ("Texas law does not recognize negligent infliction of emotional distress as a viable cause of action."). Having found no breach of a legal duty by AmeriHome, Plaintiffs' negligent infliction of emotional distress claim fails.

**B. Plaintiffs' Motion for a TRO/Preliminary Injunction**

Upon review of the Magistrate Judge's FCR (ECF No. 42), the Court finds that Plaintiffs' Motion for a TRO/Preliminary Injunction must also be denied. To obtain a temporary restraining order or a preliminary injunction, a plaintiff must show: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. *See Women's Med. Ctr. Of Nw. Houst. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014).

For the reasons stated in the preceding section, Plaintiffs have not shown that they have a substantial likelihood of prevailing on the

merits. *See supra* Part A. Accordingly, Plaintiffs' Motion for a TRO/Preliminary Injunction is **DENIED**.

## CONCLUSION

After reviewing the FCR *de novo*, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCRs (ECF Nos. 40, 42) and **OVERRULES** Plaintiffs' Objections (ECF No. 44). Accordingly, the Court **GRANTS** AmeriHome's Motion to Dismiss (ECF No. 19) and **DENIES** Plaintiffs' Motion for a TRO/Preliminary Injunction (ECF No. 38). Plaintiffs' claims against AmeriHome are **DISMISSED with prejudice**.

**SO ORDERED** on this **19th day of December 2023.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

10